UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

CLARENCE BRYANT,

                                       Plaintiff,

               -against-

CITY OF NEW YORK, POLICE OFFICER LANGSTON,
JOHN DOE POLICE OFFICERS 1-3, JOHN DOE
MEDICAL STAFF AT RIKERS' ISLAND 1-5,

                                       Defendants.

---------------------------------------------------------------- x

COMPLAINT AND JURY DEMAND

Docket No.

ECF CASE

VITALIANO, J.

REYES, M.J.

Plaintiff Clarence Bryant by his attorneys, Stoll, Glickman & Bellina, LLP, for his complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from a June 10, 2011 incident in which Mr. Bryant was falsely arrested and falsely imprisoned for approximately six days before being released.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution

of the State of New York.

5.  The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7.  Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

8.  Plaintiff resided at all times here relevant in Kings County, City and State of New York.

9.  The City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10. Officer Langston was, at all times here relevant, a police officer of the NYPD, and as such was acting in the capacity of an agent, servant and employee of the City of New York. On information and belief, at all times relevant hereto, Defendant Langston was involved in the decision to arrest plaintiff without probable cause or failed to

intervene in the actions of his fellow officers when he observed them arresting plaintiff without probable cause. Upon information and belief, defendant Langston was under the command of the 79th precinct on the date of the incident. Defendant Langston is sued in his individual capacity.

11. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

12. Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

13. On June 10, 2011, Mr. Bryant was at home when Officer Langston and three other officers came to his house to arrest him for burglaries that occurred on May 22 and June 2, 2011.

14. Mr. Bryant, a 53 year-old man who has had HIV/AIDS since 1988, was not involved in either burglary.

15. Defendants told Mr. Bryant they had photographs or stills from a video camera of the man committing the burglary prior to arresting him. The man in the photographs is not Mr. Bryant and does not look similar to how Mr. Bryant looked on June 10, 2011.

16. On June 11, 2011, Mr. Bryant was arraigned by the judge, who set $5,000 bail. Mr. Bryant went to Riker's Island.

17. Mr. Bryant spent 6 days on Rikers Island.

18. During that time, he was deprived of daily prescribed medication he requires to maintain his health. He told medical staff when he arrived at Rikers that he was HIV/AIDS positive, he gave them his medical providers' names and contact information, and he gave them the list of medication he took on a daily basis.

19. He encountered at least approximately five medical staff whom he repeatedly asked for medication. He was told "it was not approved", "it hasn't come in yet", or just that they didn't have it there for him.

20. Mr. Bryant was never given the medication.

21. On June 16, 2011, Mr. Bryant testified in front of the Grand Jury.

22. On June 17, 2011, Mr. Bryant was released at approximately 3:00 a.m.

23. The Grand Jury also viewed the photographs of the man committing the burglaries, referred to by defendants while they were arresting Mr. Bryant.

24. Defendants made false statements in the arrest paperwork and at the Grand Jury about Mr. Bryant's involvement in the burglaries.

25. The Grand Jury returned a No True Bill for the felonies charged against Mr. Bryant.

26. On September 14, 2011, all charges against Mr. Bryant were dismissed.

27. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their

fellow officers against plaintiff.

28. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

29. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

f. Loss of liberty.

## FIRST CAUSE OF ACTION
42 U.S.C. § 1983
False Arrest and False Imprisonment
(Against Officer Defendants)

30. The above paragraphs are here incorporated by reference.

31. The officer defendants wrongfully and illegally arrested, detained and imprisoned plaintiff.

32. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

33. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

34. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

35. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

36. All of this occurred without any illegal conduct by plaintiff.

37. All charges were dismissed.

38. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the United States Constitution.

39. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

SECOND CAUSE OF ACTION
New York State Constitution Article I §12
False Arrest and False Imprisonment
(Against All Defendants)

40. The above paragraphs are here incorporated by reference.

41. The officer defendants wrongfully and illegally arrested, detained and

imprisoned plaintiff.

42. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

43. At all relevant times, defendants acted forcibly in apprehending, arresting, and imprisoning plaintiff.

44. Throughout this period, plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

45. At all times, the unlawful, wrongful, and false arrest and imprisonment of plaintiff was without basis and without probable cause or reasonable suspicion.

46. All of this occurred without any illegal conduct by plaintiff.

47. All charges were dismissed.

48. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. Defendants acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct towards plaintiff.

50. The officer defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. Said acts by officer defendants were beyond the scope of their

jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly and with the specific intent to deprive plaintiff of his constitutional rights secured by the Constitution of the State of New York.

51. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### THIRD CAUSE OF ACTION
### False Arrest and False Imprisonment
### (Against All Defendants)

52. The above paragraphs are here incorporated by reference.

53. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

54. Defendants intended to confine plaintiff, plaintiff was conscious of his confinement and did not consent to his confinement.

55. All charges were dismissed.

56. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's arrest, detention and imprisonment during this period of time. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

57. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

### FOURTH CAUSE OF ACTION
### Malicious Prosecution
### (Against All Defendants)

58. The preceding paragraphs are here incorporated by reference.

59. Defendants, acting with malice, initiated a prosecution against plaintiff and

8

caused him to be prosecuted.

60. Defendants did not have probable cause to initiate proceeding.

61. The criminal proceedings were terminated in plaintiff's favor.

62. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 U.S.C. §1983, New York State common law, and the New York State Constitution.

63. As a result of the malicious prosecution implemented by defendants, plaintiff was damaged.

### FIFTH CAUSE OF ACTION
(Deliberate Indifference to Medical Needs)
(against Defendants John Doe Rikers' Medical Staff)

64. The preceding paragraphs are here incorporated by reference.

65. Mr. Bryant had HIV/AIDS which required him to take daily medications in order to maintain a healthy T-cell count. Missing daily medications over a span of several days had severe consequences to his long-term T-cell count and health.

66. Mr. Bryant made at least 5 medical staff persons at Rikers Island aware of his illness and the medication he required several times within his 6 days at Rikers.

67. Mr. Bryant never received any medication he required while he was at Rikers' Island.

68. As a result of being deprived his daily medication, Mr. Bryant's condition worsened.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: August 29, 2012
Brooklyn, New York

Respectfully yours,

TO:
City of New York
100 Church Street
New York, NY 10007

By: Cynthia Conti-Cook
Bar# CC0778
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Ave 3rd floor
Brooklyn, NY 11217
(718) 852-3710
(718) 852-3586
cconti-cook@stollglickman.com